11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Timothy
Frye Patterson

Appellant

Vs.                   No. 11-03-00374-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

Timothy Frye Patterson entered a plea of guilty to
the aggravated sexual assault of a nine-year-old girl.  The trial court admonished appellant,
accepted his plea, and ordered a presentence investigation report.  After a hearing, the trial court convicted appellant
and assessed his punishment at confinement for 15 years.  We affirm.

In his first issue on appeal, appellant contends
that the trial court erred by excluding evidence pertaining to the results of
his polygraph examination.  Appellant
sought to admit not only the report from his polygraph examination but also
testimony from a licensed professional counselor concerning the results of his
polygraph examination.

The Court of Criminal Appeals has held that
polygraph evidence is inadmissible for any purpose.  Ross v. State, 133 S.W.3d 618, 625
(Tex.Cr.App.2004); Tennard v. State, 802 S.W.2d 678, 683
(Tex.Cr.App.1990), cert. den=d,
501 U.S. 1259 (1991).  Therefore, the
trial court did not err in excluding either the report or the testimony.  The first issue is overruled.

In his second issue on appeal, appellant contends
that the trial court erred in denying his first amended motion for new
trial.  We disagree.








The trial court imposed the sentence in open court
on August 22, 2003.  On September 12,
2003, appellant filed a pro se motion for new trial on the grounds that the
conviction was contrary to the law and the evidence.[1]  On October 31, 2003, appellant=s appellate counsel tendered the first
amended motion for new trial on the grounds of newly discovered evidence.[2]  The first amended motion was not filed within
30 days from the date the sentence was imposed in open court and was not
properly before the trial court. 
TEX.R.APP.P. 21.4(b).  The trial
court did not err in denying the first amended motion for new trial.  Furthermore, error did not occur when the pro
se motion for new trial was overruled by operation of law.  The second issue is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

June 16, 2005

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]This pro se motion was filed within 30 days from the
date the sentence was imposed in open court as required by TEX.R.APP.P. 21.4(a)
and is considered timely for the purposes of extending the appellate timetable
under TEX.R.APP.P. 26.2.  Appellant has timely
perfected this appeal.





[2]We note that the gist of the newly discovered evidence
contention in the first amended motion for new trial was whether it was the
nine-year-old victim=s idea to sleep in the same bed with appellant and,
thereby, whether the victim in some way consented to appellant=s digital penetration of her vagina.  Under TEX. PEN. CODE ANN. ' 22.021(a)(1)(B)(I) & (A)(2)(B) (Vernon Supp. 2004
- 2005), consent is not an issue when the victim is younger than 14 years of
age.